## BURGESS *vs.* THE STATE.

[INDICTMENT FOR MALICIOUS MISCHIEF.]

1. *Indictment, containing but one count, for malicious injury to a "mare and an ox"; what proper charge on trial of.*—On the trial of an indictment, for malicious mischief, containing but one count for an injury to "a mare and an ox," proven to have been committed at different times, it is error to refuse to charge that "if the State had failed to prove that the mare and ox were injured at the same time, or so near each other as to constitute the same offense, then the defendant is not guilty, as charged in the indictment."

2. *Same; when charge must be proved as laid.*—An indicment for malicious mischief should charge such offenses in two counts, or in the alternative in the same count; or the charge must be proved as laid.

APPEAL from the Circuit Court of Talladega.
Tried before Hon. CHARLES PELHAM.

The appellant, Burgess, was indicted at the fall term, 1868, of the circuit court of Clay county, for maliciously and unlawfully disabling and injuring a mare and an ox, the property of David G. Thomas. The indictment was returned into court on the 18th day of September, 1868, and charged the injury to the animals as one offense, in a single count. On the application of the defendant, the trial of the case was transferred to the circuit court of Talladega, where a

trial was had, on issue joined on the plea of not guilty, and defendant found guilty, and sentenced to six months hard labor for the county.

On the trial, as appears from the bill of exceptions, the State adduced testimony tending to show various injuries to the cattle, sheep, fences, fodder, &c., of said Thomas, in 1865-6, and the killing of his ox in 1866; to the admission of all of which testimony the defendant objected, but the objection was overruled and defendant excepted. The State then introduced one Jane Mitchell, who testified that defendant " had a hankering for her, and was jealous of Thomas, and accused witness of allowing him too many privileges," and that in 1866, at the time when her fence, as well as Thomas', was burnt, the defendant told her that " the fence was burned so as to make Thomas work harder, so as not to have time to attend to her;" that defendant then asked witness, what she and Thomas would do for a team, and upon witness saying that she had a mare and and Thomas had one, and that they would put them together, the defendant replied, that " the horses could go up like the ox, and he would break them up, unless witness would drive off Thomas." To the admission of this evidence, the defendant objected, but the objection was overruled, and defendant excepted.

The State then proved, by several witnesses, an injury in the summer of 1867, in Clay county, to a mare, the property of said Thomas, by a cut on the inside of the foreleg; and also an injury to an ox, also the property of Thomas, in the fall of the same year, by a cut on the hamstring. The defendant objected to the admission of this evidence, but the objection was overruled and defendant excepted. This was all the evidence in relation to the injury inflicted upon the mare and the ox.

The other evidence introduced by the State, mainly circumstantial, tending to prove the defendant guilty, and various objections to the admission of evidence, as also a motion in arrest of judgment, it is unnecessary further to notice, in the view which the court took of this case.

The admission of the evidence objected to, and the

refusal of the court to give a charge which is set out in the opinion, are assigned among other rulings, for error.

J. T. MAY, and J. HENDERSON, for appellant.
JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—This was an indictment in the circuit court for malicious mischief. The accusation contains but one count. It is in the following words :

"The State of Alabama,    }     Circuit Court,
      Clay county.       }     Fall term, 1868.

"The grand jury of said county charge, that before the finding of this indictment, Francis M. Burgess unlawfully and maliciously disabled and injured a mare and an ox, the property of David G. Thomas, against the peace and dignity of the State of Alabama."

The section of the statute under which the indictment was found is as follows :

" Any person who unlawfully and maliciously kills, disables, disfigures, destroys or injures any animal, or other article or commodity of value, the property of another, must on conviction, be fined not less than twenty nor more than five hundred dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county, for not more than six months."—Rev. Code, § 3733 ; Penal Code, § 186.

A crime or public offense is an act done or an omission to act, which is forbidden by law, and which is punishable by death, by fine or imprisonment, or both by fine and imprisonment.—Rev. Code, § 3540.

And an indictment is an accusation in writing, presented by the grand jury of the county in which the crime has been committed, charging a person with an indictable offense. Const. of Ala. 1867, art. I, § 8 ; Rev. Code, §§ 4109, 4112, 4120, 4121, 4125, 4128, 4108.

This accusation constitutes the charge against the person alleged to be guilty of the crime on which the indictment is founded, and ·it should be " so set forth as to leave no doubt concerning its nature and its limits, and leave it im-

possible for the accuser to vary it in the course of the hearing."—1 Bish. Crim. Procd. p. 40, § 40.

In this case, the act complained of, is the" disabling or injuring" "a mare and an ox, the property of David Thomas." If these animals had been separately disabled or injured, it should have been so charged in separate counts.in the indictment, else much confusion may arise in such cases. The injury to the mare was one offense and the injury to the ox was another, unless perhaps the injury to both was the result of one act. The indictment is not demurrable, because the act which constitutes the crime may be committed as charged—that is, the two animals may be injured at the same time and by one act. But if it is so alleged, it must be so proven. The plea in answer to such an accusation is that the accused is not guilty as charged in the indictment. It is not that he has not violated the statute in any manner, but that he has not violated it as set forth in the accusation. If this is not required, then an indictment charging that a person, with criminal intent, had violated a particular section of the penal law would be sufficient. But this would be a departure from the forms laid down in the Code, and also the important rule of criminal procedure above quoted.—Rev. Code, §§ 4141, 4109, 4112, 4119, 4125.

The animals injured were different animals, and the injury to each is a different offense, and though such offenses may be joined in the same count, as they are of the same grade, yet if both offenses are charged in the same count, they should be charged in the alternative. The rule prescribed by the statute is this : " Where offenses are of the same character, and subject to the same punishment, the defendant may be charged with either in the same count, in the alternative."—Rev. Code, § 4125. A work of high authority lays it down as a rule, that two offenses can not be charged in the same count; the count in such a case would be bad for duplicity.—Arch. Cr. Pl. pp. 95, 96. This rule, applied to the statute last above quoted ,would require that the injury to the mare and the injury to the ox should be charged in the alternative, and not conjointly, as has been done in the count, above set out, of the indictment in this

case. And the charge having been made conjointly of an injury to "a mare and an ox," must be proved as it has been laid. If this were otherwise, two or more convictions, or any number of convictions, might be had upon a single count. This does not seem to have been the purpose of the statute above quoted, regulating the joinder of offenses in the same count.—Revised Code, § 4125. Under that statute but one conviction can take place upon each count. But here, unless the offense consists of the joint injury of the two animals, two misdemeanors are charged and two convictions may be had.

The evidence objected to tended to show two offenses. The injury to the mare, which occurred in the summer of 1867, was clearly barred by the statute of limitations.— Revised Code, § 3952; *Mallett v. the State*, 33 Ala. R. 408. The indictment was not returned into court by the grand jury until September 18th, 1868; more than one year after the commission of the injury to the mare. This was too late. The offense was a misdemeanor, and it was barred in one year.—Rev. Code, §§ 3541, 3542; 33 Ala. 408. The injury to the ox occurred in the fall of the same year; that is, in 1867. So, the proofs introduced and objected to, show that it did not tend to establish the particular offense charged in the indictment. It should have been rejected. The evidence of the killing of the dog, the sheep, and the burning of the fence and cutting down the corn in 1865 and 1866, was improperly admitted, except for the purpose of showing malice on the part of the accused towards Thomas, the owner of the animals alleged to have been injured.—*The State v. Crowley*, 13 Ala. 172; *Lawson et al. v. The State*, 20 Ala. 65.

The court was asked by the defendant below to charge the jury in this case, "that if the State had failed to prove that the mare and ox were injured at the same time or so near to each other as to constitute the same offense, then the defendant is not guilty as charged in the indictment." This charge the court refused to give. This was error.

For this error, the judgment and sentence of the court below is reversed, and the cause is remanded for a new

trial, and the defendant will appear in the court below, as required by law, and answer such charge as may be preferred against him, until legally discharged.