# Busby v. The State.

*Prosecution for Malicious Injury to Animals.*

1. *Election ; whether acts are distinct offenses, or merely continuous offense.*—Under a prosecution for maliciously disabling or injuring two mules, the property of the prosecutor (Code, § 4408), which were shot by the defendant while trespassing in his corn-field, the interval between the two shots being such a space of time as permitted a person, walking rapidly, to go about a quarter of a mile, the two acts are properly charged as one continuous offense, and there is no ground for compelling an election.

2. *Proof of foot-prints.*—A witness who measured tracks found at the place where the offense was committed, and compared them with tracks made by the defendant on the next day, may state that they " corresponded;" but he can not be asked whether a particular shoe, which he had seen on defendant's foot, " would have made" such a track as that found at the place.

APPEAL from the County Court of Jackson.
Tried before the Hon. JOHN B. TALLY.

The name of the appellant's counsel, if any appeared in this court, is nowhere shown by the record or docket.

T. N. McCLELLAN, Attorney-General, for the State, cited *Campbell v. The State*, 23 Ala. 44; Burr. Cir. Ev. 264; *Hin-*

*kle v. Commonwealth*, 4 Dana, 518; Bish. Stat. Crimes, 1115–17.

SOMERVILLE, J.—The defendant was tried and convicted, in the County Court of Jackson county, of the offense of unlawfully and maliciously disabling or injuring "*two* mules," the property of the prosecutor, in violation of section 4408 of the present Code. An appeal is taken from the judgment to this court, under the provisions of an act approved February 9th, 1881, specially authorizing it.—Acts 1880–81, pp. 233–234, § 7.

The evidence shows that there was a brief interval of time between the shooting of the two mules, which were at the time trespassing in the corn-field of the defendant; and the question raised by the rulings of the court involves the inquiry as to whether or not the transaction constitutes two distinct offenses, or only one. If the former, the two offenses should have been charged in different counts, and the only right of the accused would have been to compel an election by the State of the count on which a conviction would be sought.—*Bass v. The State*, 63 Ala. 108; *Wooster v. The State*, 55 Ala. 217; *Burgess v. The State*, 44 Ala. 190.

We do not doubt that, under the charge in its present form, averring an injury to *two* mules, a conviction could be had for an injury to *one* only; the rule being, that allegations as to the extent of the property, which is the subject of the offense, are divisible, and that a variance as to the number is immaterial, unless the number stated constitutes the essence of the offense. Whar. Cr. Ev. (8th Ed.) §§ 125, 132. But this we need not decide, as it is our opinion that the two acts of shooting were perpetrated so nearly at the same time, as to constitute essentially but one cumulative offense. It is not shown precisely what was the interval of time between them; but it is asserted to have been such a space as permitted one, walking rapidly, to go about a quarter of a mile. This would probably occupy about three minutes. The two animals, as we have said, were trespassing upon defendant's crops when they were shot. They belonged to the same owner, and the *animus* of the one act of injury was, no doubt, identical with that of the other—the two being so closely connected in point of motive, time, locality and nature, as that the last may be justly regarded as but a continuation of the first, and done under the impulse of the same controlling design.—*Owens v. The State*, 74 Ala. 401; Whar. Cr. Pl. & Pr. (8th Ed.) § 474.

The rulings of the court, on this particular branch of the case, are free from error.

It was competent for the witness, Busby, who had examined the supposed track of the defendant's shoe made upon the

[Diggs v. The State.]

ground in the field where the animals were shot, to say that it " corresponded " with a track made by defendant the day following, with which the witness seems to have compared it, by measurement and certain marked peculiarities. But the question propounded to the witness Lewis, in our judgment, was objectionable, as seeking to elicit a mere opinion, and not the statement of a fact from him. It was not competent for him to be asked, or, being asked, to state whether the shoe which he had seen on defendant's foot, run down as it was, " *would have made* " a track such as he had seen in the field. This was an issue materially affecting the guilt or innocence of the defendant, which should have been determined by the jury, on the facts deposed to by the witnesses, and not on their statements of mere conclusions, opinions, or inferences.

For this error, in admitting the witness Lewis to answer the question under consideration, the judgment of the court below must be reversed, and the cause remanded.