# Livingston v. The State.

### *Indictment for Burglary.*

1. *Tracks; opinion of witness.*—On a prosecution for burglary, a
witness who had examined tracks that were made near the building
which was burglarized, can not testify that, in his opinion, such tracks
corresponded with the track of the defendant; the witness should state
the facts of correspondence and identification, and it is the province
of the jury to determine from such facts whether the tracks corre-
spond with and were the tracks of defendant.

APPEAL from the City Court of Montgomery.
Tried before the. Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for
burglary. There is but one question presented on the
present appeal, which refers to the ruling of the court
upon the introduction of evidence. The facts in refer-
ence to this ruling are sufficiently stated in the opinion.

JOHN G. WINTER, for appellant, cited *Hodge v. State*,
97 Ala. 37; *Riley v. State*, 88 Ala. 193; *Young v. State*,
68 Ala. 569.

W. C. FITTS, Attorney-General, for the State, cited
*Riley v. State*, 88 Ala. 193; *Young v. State*, 68 Ala. 569;
*Busby v. State*, 77 Ala. 66; *Hodge v. State*, 97 Ala. 37.

HARALSON, J.—A witness for the State testified that
there were some tracks found near the building which
had been burglarized; that one of the tracks was made

by a person wearing a number 6 or 7 shoe; that defendant wore a 6 or 7 shoe, and *"these (tracks) corresponded, in his opinion, with the track of defendant."* To the part of this evidence which is italicized, the defendant objected, but the court admitted it, and defendant excepted. There was other evidence, tending to show that the defendant was guilty, and some tending to show he was not. The court admitted, that, of itself, this evidence was not sufficient, and stated: "That unless some other evidence is introduced connecting the defendant with the offense charged, I will exclude the evidence as being insufficient by itself." If illegal, no other evidence tending to show defendant's guilt, could make it legal, and that it was illegal, as being the mere expression of an opinion of the witness, as to the correspondence or identification of the tracks, with those of defendant, there can be no doubt. He was not competent to give his opinion on the subject at all. He should have been required to state the facts of correspondence and identification, and it was for the jury to find from the facts thus deposed to, whether they corresponded with and were the defendant's tracks.—*Hodge v. The State*, 97 Ala. 40; *Riley v. The State*, 88 Ala. 193; *Busby v. The State*, 77 Ala. 66; *Young v. The State*, 68 Ala. 569.

Reversed and remanded.