# Stewart *v.* The State.

| 133 | 105 |
| 144 | 135 |

*Indictment for Murder.*

1.  *Charge of court to jury; reasonable doubt and probability of
    . innocence.*—In the trial of a criminal case, a charge requested by the defendant which instructs the jury that "a reasonable doubt of defendant's guilt is not the same as a probability of his innocence. A reasonable doubt of defendant's guilt may exist when the evidence fails to convince the jury that there is a probability of defendant's innocence," asserts a correct legal proposition, is not ambiguous, argumentative or misleading, and its refusal is a reversible error.
2.  *Same; self-defense.*—On the trial under an indictment for murder, charges to the jury requested by the defendant which postulate the defendant's acquittal upon the plea of self-defense, without setting out the constituent elements of self-defense, are faulty and properly refused.

3. *Same; same; burden of proof.*—Under a plea of self-defense, the burden of proof is upon the defendant, and charges which place the burden as to this issue upon the State are erroneous and properly refused.

4. *Same; homicide.*—On a trial under an indictment for murder, a charge which instructs the jury that "If there is generated in their minds by the evidence in this case, or any part of it, after consideration of the whole evidence by them, a well founded doubt of defendant's guilt of any offense, then the jury must find the defendant not guilty," is erroneous and properly refused.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant, John Stewart, was indicted and tried for the murder of Bud Garrett, was convicted of murder in the first degree and sentenced to life imprisonment in the penitentiary.

The evidence for the State tended to show that the defendant shot the deceased with a pistol without provocation, and that from the effects of the wounds inflicted deceased died. There was testimony introduced for the defendant tending to show that the fatal shot was fired in self-defense.

The only questions presented for review on the present appeal are those arising from the court's refusal to give the following written charges requested by the defendant, to the refusal to give each of which the defendant separately excepted: (5.) "If the jury have a reasonable doubt growing up out of the evidence in this case as to whether or not the defendant acted in self-defense, they must acquit him." (7.) "The court charges the jury that it is a well settled rule of law that if there be two reasonable constructions which can be given to the facts proven in this case, one favorable and the other unfavorable to the defendant, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to the accused." (12.) "The court charges the jury that if there is generated in their minds by the evidence in this case or any part of it, after consideration of the whole evidence by them, a well founded doubt of defendant's guilt of any offense,

then the jury must find the defendant not guilty." (13.) "If, after considering all the evidence, that tending to show self-defense included, the jury have a reasonable doubt whether the defendant is guilty or whether he acted in self-defense, the law says the jury must find the defendant not guilty." (14.) "If, after considering all the evidence in the case, that tending to show self-defense included, there is a probability of defendant's innocence, the law says the jury must give the defendant the benefit of such probability and find him not guilty." (15). "The court charges the jury that a reasonable doubt of defendant's guilt is not the same as a probability of his innocence. A reasonable doubt of defendant's guilt may exist when the evidence fails to convince the jury that there is a probability of defendant's innocence." (20.) "The law does not presume that the killing of the deceased was malicious because a deadly weapon was used by the defendant." (26.) "To authorize a conviction in any case every element which is a necessary constituent of the offense charged must be established beyond a reasonable doubt; and when self-defense is relied on as a defense there is no greater burden upon the defendant to establish self-defense affirmatively by a preponderance of the evidence than any other defense, and if all the evidence in this case raises in the minds of the jury a reasonable doubt as to whether the defendant acted in self-defense or not, the defendant should be found not guilty." (33.) "If the confession of the defendant is not harmonious and consistent with the other evidence it is the province of the jury to reject it as wanting in credibility or as not entitled to weight in determining the question of the guilt or innocence of the defendant." (35.) "The character of the deceased for violence, if the jury find from the evidence that such was the character of the deceased, and the threats made by the deceased towards the defendant, if the jury find from the evidence that such threats were made, should be weighed by the jury in determining whether the defendant when he fired the fatal shot acted under a reasonable apprehension of present impending peril to his life or of suffering some other grievous bodily harm." (36.) "The court charges

the jury that if they find from the evidence that the deceased was a violent and dangerous man, that such was his character and disposition, then the defendant would be justified in resorting to more prompt and decisive measures of defense than if the deceased was a man of peaceable disposition." (39.)     "The court charges the jury that an act performed by a quick, impulsive and bloodthirsty man may afford much stronger evidence that the life of the assailed was in imminent peril, than if performed by one known to possess an entirely different character and disposition, and might very reasonably justify a resort to more prompt measures of self-preservation; and the jury may look to the evidence in determining if the deceased was a man of such character, and whether the defendant had a right to shoot to protect himself from great bodily harm." (40.) "The court charges the jury that they may look to all the facts and circumstances connected with the shooting of the deceased by the accused, in determining his guilt or innocense, and if the jury believe from the evidence that the facts and circumstances were such at the time of the shooting as to generate in the minds of the defendant a reasonable apprehension of real or apparent danger of life or great bodily harm, then the defendant was justified in shooting, provided he was free from fault in bringing on the difficulty."

BOYKIN & LEE, for appellant, cited *Miller v. State,* 107 Ala. 40; *Prince v. State,* 100 Ala. 144; *Hurd v. State,* 94 Ala. 100; *Walker v. State,* 117 Ala. 42; *Elmore v. State,* 92 Ala. 51; *Turner v. State,* 124 Ala. 59; *Forney v. State,* 98 Ala. 19; *Henson v. State,* 112 Ala. 41; *Whitten v. State,* 115 Ala. 72.

CHAS. G. BROWN, Attorney-General, for the State.

DOWDELL, J.—The only questions reserved in the record for our consideration grow out of the refusal of the trial court to give certain written charges requested by the defendant. Charge 15 was a correct statement of the law, and should have been given.—*Croft v. State,* 95 Ala. 3.

[Christian v. The State.]

Written charges which ask for an acquittal postulated on the plea of self-defense without setting out the constituent elements of self-defense, should not be given.—*Gilmore v. State,* 126 Ala. 20; *Rogers v. State,* 117 Ala. 15; *Miller v. State,* 107 Ala. 40; *McElroy v. State,* 120 Ala. 274.

Under the plea of self-defense the burden of proof is on the defendant, and charges which place the *onus* of proof as to this issue on the State, are improper and should be refused.

Of the remaining charges refused to the defendant, numbered 5, 7, 12, 13, 14, 26, 33, 35, 36', 39, 40, it is sufficient to say that those not subject to the infirmities above stated, were otherwise objectionable as being argumentative, or when applied to the evidence in the case misleading.

Charge No. 12 requested by the defendant is not the same as charge 3, which was pronounced good by this court in *Turner v. State,* 124 Ala. 59. The difference is, that the charge there asked an acquittal upon a well founded doubt of the defendant's guilt growing out of the evidence in the case, while the charge here asks for an acquittal upon a well founded doubt of the defendant's guilt *of any offense,* etc. The superadded words, of any offense, rendered the charge misleading. The jury might have a well founded doubt of the defendant's guilt of some offense other than that charged in the indictment, and if they should, the charge requested, directs an acquittal.

For the refusal of the court to give charge No. 15 the judgment must be reversed and the cause remanded.