# Meadows *v.* The State.

*Indictment for Unlawfully or Wantonly Killing or Injuring Stock.*

1. *Admissibility of evidence; confessions.*—On a trial under an indictment for unlawfully or wantonly killing, disfiguring or injuring two mules, the testimony of the owner of the mules was that he went to see the defendant a few days after his

[Meadows v. The State.]

mules were shot, and told him that he had been informed that he, the defendant, shot them; that in fact he had evidence from which he could be convicted, if prosecuted; that what he the owner, wanted, was compensation for the mule killed and for the injury to the other, and if the defendant would pay him he would not prosecute him, but if he did not pay him he would go before the grand jury, secure an indictment and prosecute him to conviction. The owner further testified that neither he, nor any one else, made any threat against the defendant before or during said conversation, or held out any inducements or hopes of reward to the defendant to get him to make a confession, other than as stated above.　In this conversation with the owner, the defendant denied his guilt in general terms, stating that he did not shoot the mules and did not know who shot them, but later on in a conversation the defendant stated that he shot at the mules four times while they were in his field, but shot to scare them. In reference to paying the owner for the mules the defendant asked in the same conversation for time to see about paying him, and asked the owner to wait on him for a while, and finally told him that he wanted to see if he could not get a lawyer cheaper than he could settle with the owner.　*Held*:　(1.) That the part of the statement of the defendant to the fact that he shot at the mules, although in the nature of a confession, is shown to have been voluntarily made and was admissible in evidence.　(2.)　That the statements of the defendant as to wanting time to consider the matter of settling for the mules and seeing if he could not get a lawyer cheaper than he could make a settlement, while not in the nature of a confession, was admissible in evidence as an inculpatory declaration.

2.　*Indictment for unlawfully or wantonly killing and injuring mules; when charge of killing or injuring two mules not sustained by the evidence.*—An indictment which charges that the defendant "did unlawfully or wantonly kill, disable, disfigure, destroy or injure two mules," is not proved by evidence showing the shooting of only one mule at one time and place, and the shooting of the other mule at a different time and place.

3.　*Same; same.*—Under such an indictment, no conviction can be had, where it is shown by the evidence that one of the mules was shot at one time and place by the defendant, and they both then disappeared, and the defendant after shooting twice at the mules at that time and place returned to his work, and after remaining at his work half an hour or more and

then going to his house, he found the mules in another field and shot them again, inflicting an injury upon the other mule; the offenses proved by such evidence being separate and distinct, and the evidence not showing one offense involving the shooting of the two mules as charged in the indictment, without alternate averment.

APPEAL from the City Court of Colbert.

Tried before the Hon. ED. B. ALMON.

The appellant in this case, George Meadows, was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment George Meadows did unlawfully, or wantonly, kill, disable, disfigure, destroy, or injure, a mule, the personal property of David Walker, of the value of eighty dollars."

"And the grand jury of said county further charge that George Meadows did unlawfully, or wantonly, kill, disable, disfigure, destroy or injure, two mules personal property of David Walker of the value of one hundred and sixty dollars against the peace and dignity of the State of Alabama."

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. The court gave the general affirmative charge in favor of defendant as to first count.

The court in its general charge to the jury, among other things, instructed them as follows: "Gentlemen of the jury, if you are satisfied by the evidence beyond all reasonable doubt that the defendant shot one of the mules, you should find him guilty though you may not be satisfied from the evidence that he injured the other mule. If you find him guilty of injury to one mule and not guilty of injury to the other, you should ascertain the extent of the injury committed by him to the one mule and assess a fine against him according to the instructions already given you."

To the giving of this portion of the general charge the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the evidence shows a separate and distinct injury to each animal, then the defendant is entitled to an acquittal." (2.)

"If the evidence satisfies the jury that the mules were separately injured, the defendant should be acquitted." (3.) "If the jury believe the evidence, they will find the defendant not guilty." (4.) "Unless the State has proven to your satisfaction beyond a reasonable doubt that defendant shot both mules as charged in the indictment, the jury must find the defendant not guilty." (5.) "Gentlemen of the jury, I charge you that unless you find from the evidence that the two mules were injured at the same time and by the same act, you must find the defendant not guilty." (6.) "If the jury believe from the evidence that defendant shot one mule in the lane, and the mules went off in the woods, and further that the defendant went to work picking cotton for about half an hour and further believe that the mules came back to another part of the field, and defendant shot the other, then you will find the defendant not guilty as charged." (7.) "If the jury believe from the evidence in this case that one mule was shot in the lane, and half an hour afterward the mules came into the field again at a different place, and defendant shot the other, then you will find defendant not guilty as charged." (8.) "Unless the State has satisfied the jury that the defendant shot both mules at the same time and by one act then the defendant is entitled to acquittal." (9.) "If the jury believe from the evidence that defendant shot one of the mules at one time and place, and half an hour afterward shot the other, then you will find the defendant not guilty."

The court, at the request of the defendant, gave to the jury the following written charges: (10.) "The court charges the jury that if the State has failed to prove that the two mules were injured or shot at the same time, or so near to each other as to constitute the same offense, then the defendant is not guilty as charged in the indictment." (11.). "I charge you that if you find that there were two distinct offenses in the killing or injuring the two mules, you should find the defendant not guilty as charged in the indictment." (12.) "Gentlemen, if you believe from the evidence that one mule was shot at one time and the other at another time, and the

shooting of the mules were separate and distinct acts, then the jury should acquit the defendant."

JACKSON & ALEXANDER, for appellant.—The confessions or statement in the nature of a confession should have been excluded.—*Lacy v. State,* 58 Ala. 385; *Murphy v. State,* 68 Ala. 31; *Beckham v. State,* 100 Ala. 15; *Anderson v. State,* 104 Ala. 83; *Washington v. State,* 106 Ala. 61; *Stone v. State,* 105 Ala. 60; *Hornsby v. State,* 94 Ala. 55.

Admissions in the nature of confessions are governed by the same rules as confessions proper. They are *prima facie* involuntary and should not be admitted and allowed to go to the jury until shown to be voluntary. *Wilson v. State,* 84 Ala. 426; *Scaborn v. State,* 20 Ala. 15; *Kelly v. State,* 72 Ala. 244.

The court erred in giving to the jury the charge numbered B. The indictment charges him with injuring two mules, and the State must prove the charge as laid. It is so held in *Burgess v. State,* 44 Ala. 190, and that case has been approved by this court in *Thomas v. State,* 111 Ala. 51.—*Burgess v. State,* 44 Ala. 190; *Thomas v. State,* 111 Ala. 51.

MASSEY WILSON, Attorney-General, for the State. The court did not err in its rulings upon the evidence in admitting the statements made by the defendant which partook of the nature of a confession. There was nothing in the evidence to show that they were involuntarily made.—*Hornsby v. State,* 94 Ala. 55; *Calloway v. State,* 103 Ala. 27; *Washington v. State,* 106 Ala. 58.

Under the indictment and facts in the case, a conviction could be had for the injury to one of the mules only, and the court did not err in its rulings upon the charges.—*Busby v. State,* 77 Ala. 66; *Ellis v. State,* 105 Ala. 72; *Koch v. State,* 115 Ala. 99.

McCLELLAN, C. J.—The indictment charges that Meadows, the defendant, unlawfully or wantonly killed, disabled, disfigured, destroyed or injured two mules the property of David Walker, etc. The evidence showed that each of the mules was shot, and that one died from its

wounds and the other was so injured by its wounds as
to lessen its value to the extent of twenty-five dollars.
In a conversation between Walker and Meadows the lat-
ter in general terms denied his guilt and protested his
innocence, saying that he was not guilty, that he had
not shot the mules and he did not know who had shot
them. He, however, went on further in immediate con-
nection to say that he had shot at the mules four times
while they were in his field a few days before one of them
was found dead and the other wounded, but shot to
scare them. In this conversation Walker called on
Meadows to pay him the damages he had sustained by
the shooting of his mules, and Meadows asked for time
to see about the matter. First he asked Walker to wait
till the next evening and then he wanted a week, and
finally told Walker that he wanted time to see if he
could get a lawyer cheaper than he could settle with
him, and that certain parties in the neighborhood would
swear against him and fix the shooting upon him. That
part of the statement of Meadows which is to the effect
that he shot at the mules, etc., is in the nature of a con-
fession, and its admissibility is to be determined upon
the same considerations that obtain in respect of a di-
rect confession of guilt.—*Wilson v. State*, 84 Ala. 426.

Bearing upon the question whether this statement was
voluntarily made by the defendant, the testimony of
Walker was to this effect: That he went to see Mead-
ows a few days after his mules were shot, and told him
that he had been informed that he, Meadows, had shot
them, that in fact he had a chain of evidence against
Meadows upon which he would be convicted if he was
prosecuted, that all he wanted was compensation for his
mules, or for the one killed and for the injury done to
the other, and if Meadows would pay him he would not
prosecute him and that would be the end of it; but if
he did not pay him, he would go before the grand jury
soon to meet with his witnesses, have an indictment re-
turned against Meadows and prosecute him to convic-
tion, and that he Meadows, would have a good oppor-
tunity to dig coal. This witness then further testified
"that neither he nor any one else made any threats

against defendant before or during said conversation or held out any inducements or hope of reward to the defendant to make any confession other than as stated above." Upon this state of case the defendant objected to and moved to exclude all that part of the reply of Meadows to Walker tending to show confession of Meadows because it was not voluntary, but was said to witness under threats of prosecution or immunity from prosecution." This objection and this motion were overruled by the court. We find no error here. Nothing that Walker said to Meadows was said for the purpose of inducing or coercing a confession. Walker was after money, not a confession. He offered no immunity from prosecution for a confession. He made no threats of prosecution conditional upon confession being withheld. No purpose of Walker could be subserved by a confession. He said he had the evidence upon which a conviction could and would be had *if the money was not paid;* and he made no suggestion of benefit or detriment to Meadows dependent upon the latter's making or withholding confession. Under his statements to Meadows the prosecution was to be undertaken or foregone wholly without reference to a confession by the latter. What Meadows said as to shooting at the mules was not responsive to those statements and cannot be said in any sense to have been drawn out by them. This statement by Meadows was responsive only to the *charge* of shooting the animals which Walker then made; and surely a confession made upon being charged with an offense without more cannot be said to be made involuntarily. If the making of a charge merely is to be considered as a threat or promise, rarely indeed would confessions be admissible. It is clear to us that the conversation detailed by Walker involved no threat or promise conducive to the confession made, and his further testimony showed affirmatively that apart from that conversation there was no such threat or promise. The court properly admitted the statement of Meadows as to his shooting at the mules.

The further statements of Meadows in that conversation as to wanting time to consider the matter of settling for the mules and to see if he could not get a lawyer, etc.,

were not in the nature of confessions; but at most the
jury might have found that they were inculpatory decla-
rations, though not intended to be such, and no predi-
cate as to their having been voluntarily made was neces-
sary.—*Pentecost v. State,* 107 Ala. 81; *People v. Hick-
man,* 113 Cal. 80; *State v. Bullard,* 16 N. H. 139; *Fletcher
v. State,* 90 Ga. 468.

The evidence on the trial tended to establish the fol-
lowing state of facts: Defendant and others were in his
field picking cotton when Walker's mules jumped into
the field. Defendant drove them out and as they ran
away to a nearby wood, he shot twice at them and one
of these shots took effect in one of the mules, the one
that survives. Defendant then put up the rails of his
fence which had been displaced by the mules in jumping
into or out of the field, and returned to his work picking
cotton. He continued to pick cotton for about half an
hour, when he quit and went over an intervening hill
to the house on the place to see about his own mule,
which he had left to graze there. When he got over there
he found Walker's mules again in his field at that place.
Neither the house, his own mule, nor Walker's mules
could be seen from the place at which he was picking
cotton on account of the hill. When he thus came upon
Walker's mules again in his field, he again fired two
shots at them, both of which struck the other mule, the
one not wounded by the first shooting, and ultimately
produced its death. If the jury found in line with these
tendencies of the evidence, as it was open to them to find,
they should have acquitted the defendant. The indict-
ment in a single count and without alternative aver-
ments charged one offense involving the shooting of the
*two* mules. On the evidence just stated there were two
offenses in neither of which were *both* mules shot. In
such case there can be no conviction: *The* offense
charged is not proved. The shooting of the *two* mules as
charged is not proved. The shooting of *one* mule will
not fill the averment. Proof of the shooting of one mule
at one time and place and the other at a different and
distinct time and place will not suffice. The places need
not be precisely identical and the time need not be pre-

cisely the same, nor need each animal have been wounded by the same bullet; but there must be such immediate relation between the two acts of shooting as that the last can be said to be in a train of continuation of the first, actuated by a purpose which is common to both and continuing accompanied by effort to effectuate it from and covering the first act to and embracing the second act, as where a person whose crops are being depredated upon by two mules shoots one of them and immediately pursues the other in its flight and shoots it also when he comes up with it.—*Busby v. State*, 77 Ala. 66. But where one of the animals is shot at one time and place, and they both then disappear, leaving the premises because of their being on which the shot was fired, and the person firing the shot then desists from further effort toward them, and returns to his work, and they subsequently are again found in another field or another part of his field and he again comes upon them incidentally and then shoots the other, the offenses are as distinct as if a day or three days instead of an half hour had intervened, and no conviction can be had on such an indictment.—*Burgess v. State*, 44 Ala. 190; *Thomas v. State*, 111 Ala. 51. The intimation in a *dictum* in *Busby's case, supra*, to the effect that in such case conviction could be had for shooting one of the mules is not sound. The court in that part of its general charge to which exception was reserved followed this intimation and instructed the jury that if they believed beyond a reasonable doubt that the defendant shot one of the mules, they should find him guilty, though they might not be satisfied from the evidence that he injured the other mule. This was error. On the principles stated above, the court also erred in refusing charges 4, 6 and 7 requested by the defendant. When referred to the evidence charge 9 is also proper. Several of the charges requested by the defendant and refused are, to say the least, misleading in requiring the jury to find that both mules were shot at the same time and by the same act.

The charges given for defendant do not cover all the propositions of those refused. They leave it to the jury to find even on the tendencies of the evidence we have set out above, and assuming the jury should find the

facts in line therewith, to conclude that the shooting of each of the mules constituted but one continuous act, when on that state of facts it is to be declared as matter of law that the first and last acts of shooting were separate and distinct and constituted distinct offenses.

We find no error in the rulings of the court which are not here discussed.

Reversed and remanded.