(99 South. 66)

CAMILLIERI v. STATE. (1 Div. 537.)

(Court of Appeals of Alabama. Dec. 4, 1923.
Rehearing Denied Dec. 18, 1923.)

1. Criminal law ☞466, 1170(1)—Sustaining objection to cross-examination of state witness not error, and, if error, not ground for reversal.

In prosecution for receiving pecans alleged to have been stolen, where state's witness had testified as to how he bought pecans, stating facts from which conclusions relevant to issues might be drawn, there was no error in sustaining objection to question on cross-examination as to whether there was anything strange about somebody bringing pecans to your store and selling them, such question calling for a conclusion based on different facts, and, if error, it was not ground for reversal.

2. Criminal law ☞466—Conclusion of witness on cross-examination must be based on facts testified.

While it is permissible on cross-examination to call for witness' conclusion, it must be based on facts testified to by the witness and relevant to issues.

3. Criminal law ☞1170½(2)—Overruling objection to question on cross-examination of defendant's character witness harmless in view of answer.

In a prosecution for buying and receiving stolen property, where defendant's character witness answered in the negative a question on cross-examination as to whether defendant had ever been accused of stealing or buying or receiving stolen tobacco, there was no injury from overruling an objection to the question.

4. Criminal law ☞776(2)—Charge on effect of character evidence without error.

It was not error to charge that in a criminal case one has the right to offer his standing in the community not to disprove that he did or did not do a thing, but if he can show evidence of good reputation in connection with other evidence, it is for the jury to say whether a man of such standing would have done the thing defendant is charged with, and if, after considering all the evidence, the jury has reasonable doubt as to whether a man bearing that good reputation would do what defendant is charged with, then it may be sufficient to generate a reasonable doubt, but not to acquit for good reputation, but by reason of reasonable doubt engendered by defendant's having established it.

5. Criminal law ☞829(1)—Refusal of charge covered by one given not error.

It was not error to refuse a charge covered by ones given.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Frank Camillieri was convicted of buying or receiving stolen property, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Camillieri, 210 Ala. 629, 99 South. 68.

It appears that during the month of November, 1921, ten sacks of pecans, valued at some 50 cents a pound or $50 a sack, were stolen, in the nighttime, from the warehouse of Mobile Bay View Growers' Association; that, on the morning after, some negroes, who were charged with stealing them, carried them on a dray to the store of defendant Camillieri and John Greek, offered to sell and sold eight sacks or more to Camillieri and Greek at 20 cents a pound; that when investigation was made by police officers some of the pecans were found in the possession of defendant and his partner and the remainder traced to other dealers to whom defendant and his partner had resold them.

Inge & Bates, of Mobile, for appellant.

Evidence of good character was vital to defendant and competent in this case. Cohen v. State, 16 Ala. App. 522, 79 South. 621; Felix v. State, 18 Ala. 720; Goldsmith v. State, 105 Ala. 8, 16 South. 933; Kilgore v. State, 74 Ala. 1; Mitchell v. State, 14 Ala. App. 46, 70 South. 991. It was not proper for defendant's witness to be asked on cross-examination what he knew personally as to defendant's bad character and as to a specific act. Lewis v. State, 13 Ala. App. 31, 68 South. 792; Thompson v. State, 100 Ala. 70, 14 South. 878; Way v. State, 155 Ala. 52, 46 South. 273; Moulton v. State, 88 Ala. 116, 6 South. 758, 6 L. R. A. 301; Murphy v. State, 108 Ala. 10, 18 South. 557; De Arman v. State, 71 Ala. 351.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A character witness may on cross-examination be asked as to particular unworthy acts. Jimmerson v. State, 17 Ala. App. 552, 86 South. 153. Testimony as to good character is not to be considered as disproving that defendant did that with which he is charged. 4 Michie's Ala. Dig. 363; 13 Michie's Ala. Dig. 739; Hussey v. State, 87 Ala. 121, 8 South. 420; Ducett v. State, 186 Ala. 34, 65 South. 351.

SAMFORD, J. In dealing with this appeal for convenience we follow the assignments of error.

[1] On cross-examination of the state's witness Capitan defendant's counsel asked this question:

"There is nothing strange about somebody bringing pecans to your store and selling them to you, is there?"

[2] The witness had already testified fully as to how he bought pecans, stating facts from which the jury might draw conclusions relevant to the issues, and if for no other reason even if error this ruling would not be sufficient to reverse the cause. Moreover, the question called for a conclusion of the witness based upon an entirely different state of facts relative to the sale of the pecans in question. While it is sometimes permissible, on cross-examination, to call for conclusions of a witness being examined, such conclusions must be based on facts testified to by the witness and relevant to the issues then being tried.

[3] On cross-examination by the state of defendant's character witness Noble, after Noble had testified to the good character of defendant, this question was asked and defendant's objection overruled, "Was he ever accused of stealing or buying or receiving stolen tobacco?" To which witness answered in the negative. The question being answered in the negative the defendant was not injured.

The third assignment of error is without merit.

[4] The defendant excepts to the following excerpt from the court's oral charge:

"In all criminal cases under the law of our land every man on trial has the right to offer his standing in the community before the jury, not for the purpose of disproving that he did not do a thing or that he did do a thing, but if he can show a good reputation it is for the jury to look at that reputation in connection with all of the rest of the evidence to say whether or not a man of such standing would have done the thing he is charged with having done; and, if after considering all the testimony, the jury is of the opinion or have a reasonable doubt as to whether a man would do what he is charged with having done, bearing that good reputation, if the jury believe that has been established, then that may be sufficient to generate a reasonable doubt; but you do not acquit by reason of the good reputation that a man establishes, but by reason of the reasonable doubt engendered by having established a good reputation."

The foregoing is a fair statement of the law on this subject as laid down by the authorities. A man of good character may commit crime, but he is not as likely to do so as a man of bad character, and the law recognizing this fact receives proof of character as an evidentiary fact, which alone will not justify an acquittal, but when taken and considered along with all the other evidence in the case may generate in the minds of a jury a reasonable doubt of his guilt. 4 Michie's Dig. p. 363, par. 523 (4); Michie's Dig. p. 739, par. 523 (4a); Hussey v. State, 87 Ala. 121, 6 South. 420.

[5] Charge 8 refused to defendant was covered by given charges 6 and 7, and re-fused charge 10 was covered by given charges 1, 2, and 11. In addition to the written charges the court's oral charge amply and fairly covered the law of the case.

It would serve no good purpose to enter into a discussion of the evidence. The inferences to be drawn from the facts testified to by the state's witnesses were sufficient upon which to base a verdict.

We find no error in the record, and the judgment is affirmed.

Affirmed.