(114 So. 73)

## SULLIVAN et al. v. STATE. (I Div. 705.)

Court of Appeals of Alabama.  May 17, 1927.
Rehearing Denied June 21, 1927.

McMillan & Grove, of Mobile, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  The defendants were indicted for the offense of grand larceny.  The specific charge was that they feloniously took and carried away 2 hogs of the value of $15 each, and 3 hogs each of the value of $6, the personal property of Mathew Davis. ■ Several special charges in writing were requested by the defendants, and the court gave all of said charges except refused charges 1 and 2.  These refused charges were affirmative in behalf of the defendants, respectively, and sought to have the court direct a verdict in their behalf.  The court properly declined to do so, for the evidence was in direct conflict and the conclusion to be reached therefrom was one of fact, and not a question of law for the court.  Where the evidence is in conflict, as here, a jury question is presented.  In this case, a clear-cut issue of fact for the determination of the jury was apparent.

The first question presented is an exception reserved by defendant to the action of the court in sustaining the objection by the state to the question propounded to the alleged injured party, Mathew Davis, on his cross-examination.  This witness had identified certain hogs found in defendant Rhoda Sullivan's pen as being his hogs, and this witness had testified that these hogs had been recently taken from a range back of his house in the same section that he (witness) lived in.  He had also testified:

"I never seen Rhoda Sullivan's hogs on that range, too; she has not always had hogs on that range that I know of."

The defendant then asked him:

"As a matter of fact, she has been employing you to go out there and catch hogs for her every winter, about two winters ago?"

The court, as stated, sustained the general objection of the state to this question, and thereupon defendant's counsel made known to the court:

"We expect to show that these were Rhoda Sullivan's hogs that were caught on this open range, and that Rhoda Sullivan has hogs there every winter, and, as was done in this case, she employs people to go out there and catch them for her, and she employed this particular witness to go out two winters ago and catch hogs, and we expect further to show, may it please the court, that these hogs were Rhoda Sullivan's hogs."

■ This was a proper inquiry upon the cross-examination of this, the principal state witness, and if the matter had been allowed to rest there prejudicial error in this ruling necessarily would have followed.  But this

error was cured by the testimony of this witness later on, upon his cross-examination, wherein he testified, without objection, fully as to the matter inquired about and to which the state's objection was sustained. In this connection the witness testified:

"I don't know whether she had any hogs in the rebrake back of Noah Sullivan's, and has had for many years; she never did have me to go back there and catch them for her."

And, again, later on:

"No, sir; I had never gone there to get hogs, or anywhere else to get hogs for Rhoda Sullivan."

By this testimony and other of like import, upon the cross-examination of witness Davis, the defendant received the benefit of the evidence sought by the question objected to and made known to the court. Where this is true, error will not rest upon the court's ruling, as no injury followed as a result thereof.

The vice of the second proposition insisted upon is that the predicate attempted to be laid to witness Mathew Davis did not come within the required rule in that it failed to name the time and place of the alleged statement, nor did it state who was present, if any one, at the time of the alleged making of the statement. All this is a prerequisite to a proper predicate for impeaching a witness upon contradictory statements. We think the objection interposed to the question was properly stated and that the court's action in sustaining the objection was a correct ruling.

There remains but one other point of decision, and this relates to the court's action in overruling defendant's objection to a question propounded by the solicitor to state's witness Sanson Byrd wherein he was asked, on direct examination:

"Do you remember, during the month of January, when it was alleged that Rhoda Sullivan, William Kelly, and Albert Wilkerson took some hogs?"

The defendants interposed objection to the question "as being obviously bad, as calling for the conclusion of the witness, and on the further grounds that it calls for hearsay testimony." The answer of the witness was, "Yes, sir." We regard the court's ruling as being correct; the question was preliminary in its nature and was manifestly for the purpose of fixing the time in the witness' mind, or, that is to say, to direct his attention to the particular matter under inquiry. We do not see how the substantial rights of the defendant were impaired by this ruling, in view of all the evidence in this case. The record proper appears regular in all things. There being no reversible error in any of the court's rulings complained of, the judgment of the circuit court from which this appeal was taken will stand affirmed.

Affirmed.