(121 So. 4)

## WELDEN v. STATE.   (8 Div. 830.)

Court of Appeals of Alabama.   March 19, 1929.

Proctor & Snodgrass, of Scottsboro, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   ▮ Evidence connecting defendant with the crime charged was entirely circumstantial.   There was evidence tending to prove that a car which made a peculiar track had been followed by a witness from a point where it had been rolled out of a ditch near the storehouse that had been robbed, to a point several miles in the direction of defendant's dwelling.   This was Wednesday evening after the robbery Tuesday night.   This track disappeared from the road and was lost.   It rained all day Thursday.   On Friday witness went back into the neighborhood of defendant's home and "got on trace of a little old car like this. * * * We traced that on and run it to a cold trail and found out it was the wrong car."   On Saturday "we found this same little car track about a quarter of a mile from Welden's place."   At this point, over objection and exception of defendant, the solicitor was allowed to ask the witness: "Was that last track you saw of the same appearance as the track you had tracked from where it rolled out of the ditch up to where you lost it?"   The answer was: "Yes, sir, just exactly the same track."   This was error to a reversal.   1 Mayfield, Dig. 332 (18) 417; Loper v. State, 205 Ala. 216, 87 So. 92.   A witness may say that two sets of tracks correspond, Busby v. State, 77 Ala. 66; that

he measured two sets of tracks and they measured the same, Gilmore v. State, 99 Ala. 154, 13 So. 536. These are statements of collective facts, but to say that two sets of tracks are the same based upon mere observation is but the expression of an opinion. Authorities supra. The witness should not be allowed to say that the two sets of tracks correspond. He should state the facts showing such correspondence and let the jury draw a conclusion from the facts stated. Livingston v. State, 105 Ala. 127, 16 So. 801; Loper v. State, supra.

■ Refused charges 2, M, and R, requesting affirmative relief, are properly refused. The corpus delicti is proven beyond a doubt, and there is sufficient evidence, although entirely circumstantial, to make the guilt of the defendant as a participant in the crime one of fact for the jury. For obvious reasons the evidence is not discussed.

■ Refused charge C is practically a copy of an excerpt taken from the oral charge of the circuit judge in the case of Camillieri v. State, 19 Ala. App. 521, 522, 99 So. 66, and was there held by this court to be free from error when given as a part of the general charge. The charge states the law correctly, but is argumentative. In undertaking to explain to the jury the law applicable to a consideration of general character as an evidentiary fact, the giving of this charge would not be reversible error; nor is its refusal error because of its argumentative nature. Moreover, the court in this case charged fully on this question and substantially covered the law on the subject.

Under some circumstances, the error above pointed out would not be sufficient to warrant a reversal; but upon a reading of this record we are convinced that the exclusion of the evidence affected thereby might have an influence upon the verdict. The judgment is reversed, and the cause is remanded.

Reversed and remanded.