38 So.2d 612

## HALL v. STATE.
### 6 Div. 638.

Court of Appeals of Alabama.
Feb. 1, 1949.

H. M. Abercrombie and Neal C. Newell, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the trial of this case in the court below numerous exceptions were reserved by the defendant to adverse rulings of the trial court. As the law requires, Title 15, Section 389, Code of Alabama 1940, we have "consider[ed] all questions apparent on the record or reserved by bill of exceptions". Many of these questions are so clearly free of error as to need no discussion.

The indictment charged the defendant with the offense of murder in the first degree, to which indictment a plea of not guilty was interposed. The trial below resulted in the conviction of the defendant for the offense of murder in the second degree, and the jury fixed the punishment at imprisonment for a period of fifteen years. The trial court duly adjudged the defendant guilty and in accordance with the verdict of the jury sentenced her to imprisonment in the penitentiary for fifteen years. From said judgment of conviction, this appeal was taken.

The defendant made a motion to continue the case, and excepted to the action of the court in denying the motion. The granting or refusing of said motion was within the sound discretion of the trial court. The grounds upon which the motion for a continuance is based have been examined, and we accord to the action of the court in holding said grounds were insufficient to order a continuation of the cause.

We gather from the oral argument of able and earnest counsel for appellant upon the submission of this case in this court, and, also from appellant's briefs here filed, that the principal insistence of error relied upon for a reversal of the judgment of conviction is based upon the action of the court in overruling and denying appellant's motion to exclude the testimony of the State, after the State had rested its case, "on the ground the State hasn't made out a case;" and also in refusing the general affirmative charge requested in writing based upon the same insistence. In other words, "that the corpus delicti was proven." This insistence is wholly untenable and cannot be sustained. It is true, as in most cases, there was some conflict in the evidence, and this, of course, was for the jury to consider and determine. But as to the killing of the deceased by the defendant the evidence is without dispute, that after an altercation lasting some minutes the defendant stabbed the deceased in the region of his neck with a switch blade knife, the wounded man took two or three convulsive steps and died immediately. The switch blade knife, the death weapon, was introduced in evidence, and as the law requires, was forwarded to this court for inspection. We have it before us. It measures, when open, something over seven and a half inches in length, and the hawk-bill blade is a little over 3½ inches long.

In many instances the record does not bear out the statements in brief of appellant's counsel as to the facts testified to in this case. We are unable to understand the statement by appellant's counsel in brief, viz.: "From the evidence in the case at bar, the jury was left to 'guess' that the deceased was wounded. There was *no evidence that he was wounded.*" As stated above the undisputed evidence is "the defendant stabbed the deceased in the region of his neck, and that he died instantly." Every witness who testified as to the killing stated defendant stabbed the deceased with the knife, and this was not denied by the defendant or by any other witness. If it was intended by counsel, in making the foregoing erroneous statement, to mean or imply that the immediate cause of the death of deceased should have been shown by an expert, and by an expert only, such insistence could not be sustained. As stated the evidence is without dispute that the deceased was a young person about 19 years of age, and from the record it clearly appears that he was in full possession of his physical faculties in every way; and further that when the defendant stabbed him, he fell and died immediately. Under these undisputed facts no experts were necessary to prove the cause of his death; and certainly the jury was not required or called upon to guess, conjecture, or resort to suspicion on the question as to the cause of

deceased's death. The Attorney General is correct in his statement in brief, "No expert testimony of death is necessary for the jury to find beyond a reasonable doubt that Louis Hall died as a result of the cut administered by the appellant." And further: "No suspicion, conjecture or speculation would have been involved. If A sees B stab C with a switch blade knife, and C immediately falls to the ground dead, no court would say that without expert testimony a jury could not find beyond a reasonable doubt that B killed C by stabbing him with a knife."

The remaining questions involved the action of the court in refusing several written charges requested by defendant.

■ There is no phase of this case which would entitle the defendant to the general affirmative charge, hence charge 1. was properly refused. As to the other refused charges, we think the argument in brief of Attorney General as to each of said charges is correct, and that part of said brief has our approval and is hereby made a part of this opinion. Towit:

■ It is not error for the trial court to refuse to give a requested charge which is substantially and fairly given in court's general charge or in charges given at request of parties. "Title 7, Section 273, Code of Alabama 1940." Refused charges 3, 8, 9, 10, were adequately covered by the oral and given charges of the court.

■ If refused charge 4 means that *all* doubt must be removed from minds of the jurors, it was properly refused as being a misstatement of settled law. If it means that the jury must find defendant guilty beyond a reasonable doubt, the request was adequately covered in oral and given charges. Charge 5 is substantially the same as charge 4 and the same analysis applies.

■ The court in McDowell v. State, 238 Ala. 101, 189 So. 183, was faced with the same charge as charge 7 in the case at bar in verbatim form. The court there held that the requested charge was properly refused.

■ Refused charges 11–17 either omit the element of retreat, or state that there is no duty to retreat. The duty to retreat is a necessary part of the law of self-defense. Nickerson v. State, 205 Ala. 684, 88 So. 905. The phrase "under such circumstances," does not adequately spell out the exception to this element—i. e., when defendant is unable to retreat or would increase his danger by retreating.

Thus, the trial court committed no error in refusing to give the requested charges 1, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 17.

■ There was no error in the action of the court in overruling and denying defendant's motion for a new trial.

No reversible error appearing during the trial of this case the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.