45 So.2d 695

### MAY v. STATE.
### 8 Div. 749.

Court of Appeals of Alabama.
Feb. 28, 1950.

Rehearing Denied March 21, 1950.

Scruggs & Scruggs, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and James L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

David May was indicted for the offense of murder in the second degree. He was convicted of manslaughter in the first degree.

The judgment below must be reversed. We will herein subsequently point out the reasons for this conclusion.

In view of a reversal we will not make extended comment on the tendencies of the evidence. We will confine our discussion to those matters which will likely reoccur on another trial.

■ Without dispute in the evidence the accused killed Hulett King by shooting him with a pistol. The question of justification for the homicide centers around the claim of self defense. The factual issues in this aspect presented a jury question. The appellant was not therefore due the general affirmative charge.

■ The court correctly overruled the defendant's motion to exclude the evidence. This ruling was invoked when the State had concluded its testimony in chief.

■ The divorce proceedings between the deceased and his former wives were not pertinent to any issue in the case at bar.

■ The corpus delicti was established by the proof.

A proper predicate was based for the introduction of the alleged confession of the appellant.

The court failed in some instances to observe the rules relating to evidence tendered for the purpose of impeaching a witness by showing prior contradictory statements of the witness.

■ This criticism is particularly applicable to the testimony of the sheriff. Without a proper predicate first having been laid to Mrs. May, wife of the accused, the officer was asked: "What did she say?" Over timely objections by appellant's counsel, he was allowed to reply by giving a *very* long, detailed narration of what he claimed Mrs. May told him concerning the circumstances of the killing.

Counsel for appellant then moved to exclude the statement of the sheriff on the grounds, among others, "not in the form of a predicate laid."

The solicitor seemed to have sensed the irregularity of the proceedings and stated: "It is not in the language of the predicate laid."

The court, however, overruled the motion to exclude and observed: "Of course, that is only as to the credibility of the witness."

Mrs. May was present at the time of the killing. Concerning the facts incident thereto, her testimony in defendant's behalf at the trial was at considerable variance from that she related to the sheriff, according to the officer's statement.

The court erred in not adhering to the applicable rules. The following authorities treat the matter of instant concern. Couch et al. v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697; Green v. State, 233 Ala. 349, 171 So. 643; Brown v. State, 27 Ala.App. 32, 165 So. 405; Nichols v. State, 27 Ala.App. 435, 173 So. 652; King v. State, 24 Ala.App. 267, 134 So. 133; Vaughn v. State, 236 Ala. 442, 183 So. 428; Pittman v. Calhoun, 231 Ala. 460, 165 So. 391; Sullivan et al. v. State, 22 Ala.App. 140, 114 So. 73.

■ An exception to the oral charge of the court which merely describes the subject treated by the court, not sufficiently designating the objectionable portions, is not reviewable.

The rule applies with equal force to objections to statements of counsel in argument to the jury.

We come now to review the written charges which were refused to appellant.

■ Several of these instructions relate to murder in the second degree. The verdict of the jury obviates a review of these. 11 Alabama Digest, Homicide, ⚙�death341.

■ The accused did not have a right to "bear arms in self defense" simply because *threats* had been made against him by the deceased. Charge 2 was, therefore, refused without error.

Charges 4 and 6 are invasive of the province of the jury.

The propriety of the refusal of charge 9 is illustrated in: Griffin v. State, 28 Ala.App. 314, 184 So. 206; Parsons v. State, 32 Ala.App. 266, 25 So.2d 44; Brown v. State, 33 Ala.App. 97, 31 So.2d 670; Hall v. State, 34 Ala.App. 246, 38 So.2d 612.

■ The killing occurred on the streets of Guntersville, Alabama. At this place

the defendant was not relieved of the duty to retreat. Charge 10 was properly refused.

 Charge 11 omits the essential element of retreat. The burden of proof indicated by the instruction does not devolve upon the State in the absence of proof that there was no reasonable avenue of escape available to the defendant that would not have increased his peril. Bowen v. State, 217 Ala. 574, 117 So. 204.

The conviction in this case did not depend upon any aspect of circumstantial evidence. Charge 12 was, therefore, inapplicable. Brown v. State, 33 Ala.App. 97, 31 So.2d 670; Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111.

Charge 13 gives undue prominence and emphasis to one phase of the evidence. See Farley v. State, 34 Ala.App. 54, 37 So.2d 434 for full discussion.

The propriety of the refusal of charge 14 is settled in Beavers v. State, 247 Ala. 181, 23 So.2d 604.

The courts do not any longer approve charge 15. Brown v. State, 33 Ala.App. 97, 31 So.2d 670.

Charges 16 and 21 are duplicates. The more recent cases hold that this charge is properly refused. See Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814, for citation of these authorities.

This court disapproved charge 17 in Gilbreath v. State, 23 Ala.App. 579, 129 So. 312.

We gave extensive review to charge 18 in the case of Waller v. State, 32 Ala.App. 586, 28 So.2d 815. We adhere to that holding.

It was not error to refuse charge 20. Bankhead v. State, supra; Walker v. State, 33 Ala.App. 614, 36 So.2d 117; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

Charge 22 is argumentative in tendency. Welden v. State, 23 Ala.App. 85, 121 So. 4.

The court's oral charge and given written charges fully covered the doctrine of the burden of proof cast on the State. Charge 23 was, therefore, refused without error. Russo v. State, 236 Ala. 155, 181 So. 502; Bankhead v. State, supra.

We reviewed a charge identical to 24 in Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885, and Bankhead v. State, supra. We again approve the refusal of this instruction.

Charge 25 was approved in Croft v. State, 95 Ala. 3, 10 So. 517, Stewart v. State, 133 Ala. 105, 31 So. 944, and Clayton v. State, 23 Ala.App. 150, 123 So. 250. The Supreme Court reviewed the identical charge in McDowell v. State, 238 Ala. 101, 189 So. 183. Chief Justice Anderson condemned the instruction on the authority of Whittle v. State, 213 Ala. 301, 104 So. 668. It is true he observed that the charge was substantially covered by the general charge of the court. However, we think that we must be guided by his affirmative denouncement and hold that the charge is no longer approved.

In Brown v. State, 33 Ala.App. 97, 31 So.2d 670, we entered into a lengthy discussion of the adjudicated history of charge 27. See that case for the propriety of its refusal.

Charges 28 and 30 were refused without error. Favors v. State, 32 Ala.App. 139, 22 So.2d 914, and cases therein cited.

The Supreme Court reviewed charge 31 here, 58 there, in Smith v. State, 230 Ala. 18, 158 So. 808. Justice Thomas, writing for the court, pointed out that in the case in which the charge had been approved the accused was relieved of the duty to retreat. This was not true in the Smith case. As we have indicated, the killing in the case at bar occurred on a public street.

Reversible error must be predicated on the refusal of charge 29. The legal doctrine therein stated was not covered by the oral charge or by given written instructions.

We reviewed the identical charge in the fairly recent case of Dykes v. State, 34 Ala.App. 216, 39 So.2d 21.

In our treatment of the instruction in that case, we omitted to point out that in the case of Robinson v. State, 213 Ala. 691, 106 So. 134, 136, the Supreme Court disapproved the charge because it "failed to state that defendant was free from fault." Neither did we include the case of Hayes

v. State, 225 Ala. 253, 142 So. 675, among those authorities which have given sanction to the instruction.

It is apparent that we are not authorized to follow the holding in the Robinson case, supra.

For errors which we have pointed out hereinabove, the judgment of the lower court is ordered reversed and the cause is remanded.

Reversed and remanded.