47 So.2d 599

## BRADFORD v. STATE.
### 8 Div. 914.

Court of Appeals of Alabama.
Aug. 8, 1950.

Brown, Scott, Dawson & Stockton, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was based upon an affidavit which charged the defendant with the offense of "reckless driving," which is prohibited under the Statute, Title 36, Section 3, of the Code of Alabama, 1940. The specific charge being that the defendant, "did operate a motor vehicle on a highway in Jackson County, Alabama, carelessly and heedlessly in a wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed, or in a manner so as to endanger, or be likely to endanger, any person or property, against the peace and dignity of the State of Alabama."

The affidavit follows the words of the statute, hence was in proper form and substance. No objection thereto by demurrer or otherwise was interposed.

The trial resulted in the conviction of the defendant, the verdict of the jury being: "We the jury find the defendant guilty, as charged in the complaint, and assess his fine at $25.00." Judgment of conviction was pronounced and entered from which this appeal was taken.

The State's case was rested upon the testimony of two highway patrolmen, each of whom testified that on the night of the alleged commission of the offense by the accused, they were patrolling the highway in question and had turned around starting back toward Scottsboro, when the defendant passed them at a high rate of speed and they speeded up after him. They both testified that the defendant was driving a Buick car and at a sharp curve in the road he met two automobiles and these vehicles had to pull their car to the extreme right of the road to avoid a collision with the defendant who was at that time driving at a speed of seventy to seventy-five miles an hour; after the curve was passed within about a mile the patrolmen overtook and arrested the defendant, and charged him with the offense above stated.

The defendant and his wife denied that they were driving at the rate of seventy to seventy-five miles per hour, and both of them testified that their speed was from sixty to sixty-five miles an hour. That the defendant was in the automobile business and the car they were driving was in perfect shape in every way; brakes, lights, etc. The defendant testified he had been driving cars for a long number of years, and they stated at the time he met the two automobiles he had full and perfect control of his car, and that he passed them in the curve without semblance of difficulty or danger. Thus, the evidence was in conflict, and where this is true the appellate courts of this State have universally held that a jury question is presented, that is to say, unless the evidence palpably fails to make out a prima facie case, or if its tendencies support the charge made, or affords inferences to be drawn by the jury in support of the charge, determination of its weight is for the jury.

We have not been furnished briefs in behalf of defendant; but it is clearly apparent, from the motion for a new trial, and other insistences, that the principal point relied upon to effect a reversal of the judgment of conviction is the insufficiency of the evidence to support the verdict of the jury and to sustain the judgment of conviction.

Pending the trial numerous exceptions were reserved to the rulings of the court. In this connection, after a full and careful consideration of each of these questions, we find no error in the court's rulings calculated to erroneously affect the substantial rights of the defendant. The trial throughout appears to have been fairly and impartially conducted. The court delivered that character of oral charge to the jury, and in addition thereto gave at

the instance and request of defendant **a** large number of special written charges.

■ As above stated the evidence in the case was for the jury to consider and determine, and to sustain the ·contention insisted upon by the defendant and .put the court in error, would necessitate in effect substituting ourselves for the trial court and the jury, and this we are without authority to do. The trial court and the jury saw and heard the witnesses and were in every way better àble to decide this controlling question than this court ·could possibly be.

No reversible error appearing upon the trial, the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.