165 So.2d 125

**James IRONS**

**v.**

**STATE.**

**8 Div. 874.**

Court of Appeals of Alabama.

Feb. 18, 1964.

Rehearing Denied April 7, 1964.

C. Jackson Perkins, Florence, and Howell T. Heflin, Tuscumbia, for appellant.

Richmond M. Flowers, Atty. Gen. and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The charge was murder in the first degree. Conviction was for murder in the second degree with punishment fixed at ten years in the penitentiary.

It will serve no useful purpose to set out the evidence. Suffice it to say that defendant admitted he killed one Comack Oates by shooting him with a .22 Calibre rifle. The state's evidence tended to prove defendant guilty of murder. Defendant's testimony tended to show that he shot in self defense.

Under the conflicting evidence the question as to whether defendant was justified in killing deceased was for the jury. The evidence was sufficient to support the verdict.

We find no merit in appellant's contention that the court erred in refusing to give the following requested charge:

"A reasonable doubt of the defendant's guilt is not the same as a probability of his innocence, but may exist when the evidence fails to convince the jury that there is a probability of the defendant's innocence."

This charge was properly refused on the authority of May v. State, 35 Ala.App. 228, 45 So.2d 695, certiorari denied, 253 Ala. 517, 45 So.2d 698, and cases there cited.

The following appears in the record:

By the Solicitor: "At this time we ask the court to adjourn court until any time he wishes, it doesn't make any difference with us, it looks like we would go at least for forty-five more minutes, and too, we do have a witness that is at home in bed, and as we understand it, with extreme hemorrhages and is not able to be here today, he is an important witness, he is an eye witness so Mr. Clemment tells me, I have talked with him and, of course, he would be a material witness to the state's case, and we now ask that we now adjourn and go down and take a deputy and ask his condition and have him in court at 8:30 in the morning."

By Defendant's Attorney: "I am objecting to this, we are ready for this trial by jury, and this jury is going to have to be tied up all night, that deputy won't help him, a doctor might help him, and we don't know for sure that he is going to be any better in the morning than he is now."

By the Solicitor: "We ask that the court adjourn. We object to Mr. Carmichael's objection. We don't know why he doesn't want him here."

By the Court: "If the state wants the witness here I am going to adjourn, unless you have a short witness. I suggest that a subpoena be sent with the deputy for the witness to be here in the morning, that is early, but if the state wants the witness here, I think they are entitled to have him to be here."

██ Defense counsel insists in brief that the statement by the state's attorney: "We don't know why he doesn't want him here" amounted to an unfavorable comment because of the absence of a witness equally accessible to both parties, and should cause a reversal of the conviction. We do not agree. The statement was not a reference to the failure of the defendant to call any person as a witness in his behalf. Moreover, the defense attorney's objection was directed to the state's request for adjournment of court until next morning. The solicitor's statement, "We don't know why he doesn't want him here," was not objected to and there was no motion to exclude it. The trial court cannot be put in error unless it appears that its ruling is appropriately invoked. See Ala. Digest, Criminal Law, ☞728(2) for cases.

We have carefully searched the record and find no reversible error. The Judgment is due to be and hereby is Affirmed.

Affirmed.