325 So.2d 543

**Johnny DAVIS**

**v.**

**STATE.**

**3 Div. 380.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

Rehearing Denied Nov. 18, 1975.

Robert W. Dick, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of assaulting a peace officer with a deadly instrument while such officer was engaged in the performance of his lawful duty or duties. He was represented at arraignment and throughout the trial by court-appointed counsel. The jury returned a verdict finding appellant guilty as charged in the indictment and the court sentenced him to twenty years in the penitentiary. He was furnished a free transcript and this court appointed counsel to represent appellant on this appeal.

On October 20, 1974, appellant was an inmate in the Montgomery County Jail. He was in solitary confinement and no one was in the cell with him. At about 5:30 a. m. appellant created a disturbance by kicking on the solid steel door to the cell which made a loud noise.

Deputy Sheriff Robert Bryan went to appellant's cell to try to quiet him but was unable to do so. Bryan called Deputy Lewis Clark to come and assist him. Bryan told appellant that they were going to be forced to move all of his personal belongings if he did not calm down and appellant said they did not have a right to take anything out of his cell and he continued to bang on the steel door. The officers were not armed with any type of weapons when they went to appellant's cell. Bryan opened the cell door and appellant immediately jumped on him and cut him with a *filed down spoon* in the shape of a knife. Deputy Clark went in the cell and appellant stabbed him one time and cut him three times requiring seven stitches to close the lacerations. The clothing of both officers was also cut by appellant.

In the meantime someone called the Sheriff's Office and requested help. Deputy Sheriff Ward came to the cell while the fight was going on. He had the iron part of a mop bucket stick and Clark grabbed it and struck appellant twice to subdue him so that he and Bryan could get out of the cell. Photographs were taken of appellant a short time later and these photographs did not show any cuts, abrasions or bruises on the body of appellant. These photographs were introduced in evidence along with the instrument appellant used to cut the officers. The iron bar used by Deputy Clark to subdue appellant was also introduced in evidence.

█ We had all of these exhibits sent to this court for our personal inspection. The knife-like instrument could certainly constitute a deadly weapon according to the manner in which it was used.

█ Appellant testified that he was banging on the door to attract the attention of the jailer to bring him some food, that when Deputy Bryan came to the cell and told him to stop kicking on the door, he told him that he was going to keep on kicking the door until they brought his food to him. Deputy Bryan opened the cell door and hit him with his fist and he

started wrestling with him and then Deputy Clark struck him with an iron bar. When this happened, he grabbed Deputy Clark and stabbed and cut him. He further testified he was acting in self defense. He stated it was no accident that he cut and stabbed the Deputy.

Appellant was shown the instrument introduced in evidence as the knife he used to cut the officers but denied that was the knife he used as it had been filed down.

He stated one of the Deputies probably had the instrument he used. He denied that he filed the instrument, but admitted he had it in his possession. He denied cutting Deputy Bryan but admitted cutting and stabbing Deputy Clark.

When the state rested, appellant made a motion to exclude the state's evidence. This motion was overruled and denied. There was no error in this action of the court. *Young v. State,* 283 Ala. 676, 220 So.2d 843.

In *Matthews v. State,* 51 Ala.App. 417, 286 So.2d 91, we held that a "deadly weapon" is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used. In this case we held that a *knife* and a *file* were deadly weapons. We also held that a penknife is a deadly weapon when used to strike a person in the neck or other vital part of the human anatomy.

In construing Title 14, Section 374(20), Code of Alabama 1940, in *McKinney v. State,* 50 Ala.App. 271, 278 So.2d 719, we said:

"The constituent elements of the statute in the instant case are: (1) assault upon a police officer, (2) who was engaged in the active discharge of his lawful duties, and, (3) with a deadly instrument. To read into this statute the additional elements of scienter, murderous intent, and the use of the instrumentality in such manner as to reflect an evil intent, is un-

warranted. This statute falls in the class of *malum prohibitum* and not *malum in se.* It was enacted to protect a class of citizens engaged in ferreting out crime and in the enforcement of the criminal laws of the State and thereby for the ultimate protection of society."

\*      \*      \*      \*      \*      \*

"If malicious intent were an essential element of the offense under Title 14, Section 374(20), Code of Alabama 1940, it would simply be a duplication of Title 14, Section 38, Code of Alabama 1940, which provides, *inter alia,* that a conviction for *assault with intent to murder* is punishable by imprisonment in the penitentiary for not less than two nor more than twenty years. The Legislature did not intend such a duplication and overlapping of these specific statutes, but intended to create a new offense for the protection of all police officers in which 'malice', 'intent', and words of like import are conspicuously absent. This section, unlike section 38, supra, requires the use of a 'deadly instrument'.

The trial court in its instructions to the jury placed a greater burden on the state than is required in this type prosecution and certainly appellant has no valid complaints in this regard."

The distinguished trial judge was more generous to appellant in his oral charge than he was due. He charged the jury that assault or assault and battery committed upon a peace officer engaged in the performance of his duty or duties was a lesser included offense than that charged in the indictment. We have held otherwise.

In *Lowe v. State,* 54 Ala.App. 280, 307 So.2d 86, we said:

"Title 14, Section 374(19), Code of Alabama 1940, deals with a simple assault or assault and battery upon a peace officer or other law enforcement officer of the state while engaged in the discharge of his duty or duties which is a misdemean-

or. If a 'deadly instrument' is used the misdemeanor section has no application. Therefore, Section 374(19), is not a lesser included offense in prosecutions under Section 374(20), supra, where a 'deadly instrument' is used to commit the offense."

The testimony of the officers and that of appellant was conflicting. Conflicting evidence always presents a question for the jury as to the guilt of the defendant unless the evidence palpably fails to make out a prima facie case. *Morris v. State,* 47 Ala.App. 132, 251 So.2d 629; *Irons v. State,* 42 Ala.App. 349, 165 So.2d 125; *Bradford v. State,* 35 Ala.App. 407, 47 So.2d 599; *Jones v. State,* 54 Ala.App. 251, 307 So.2d 59.

There was no motion for a new trial; there was no request for the affirmative charge; there were no exceptions reserved to the oral charge to the jury, and there were no adverse rulings on the admission of evidence that contained any merit.

We have carefully examined the entire record for errors injuriously affecting the substantial rights of appellant and have found none.

There was more than ample evidence to make out a prima facie case of guilt.

The judgment of conviction is affirmed.

Affirmed.

All the Justices concur.

CATES, P. J., concurs in result.