321 So.2d 749

**Terry BRIDGES**

**v.**

**STATE.**

**7 Div. 370.**

Court of Criminal Appeals of Alabama.

Nov. 14, 1975.

Frederick T. Enslen, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of the offense of assault with intent to rob and the court sentenced him to five years imprisonment in the penitentiary. The court further ordered that this sentence would not begin until after the expiration of the sentence that appellant was presently serving in the

penitentiary. Prior to arraignment the court found appellant indigent and appointed counsel to represent him.

After sentence was imposed, appellant gave notice of appeal and requested a free transcript which request was granted by the trial court. This court appointed counsel to represent appellant on this appeal.

The victim of the crime for which appellant was convicted was Virgil Bonner from Anniston, Alabama. The offense was committed just outside Pell City, in St. Clair County, Alabama, on a Saturday night in the latter part of June, 1974, at a place known as Ed's Lounge.

Bonner testified that he met his cousin, Claudus Bonner, at the American Legion Hall in Anniston earlier that night where he drank on beer. They decided to go to Ed's Lounge in his cousin's car which was driven by Claudus' wife. Enroute to Ed's Lounge he and his cousin each drank one beer. When they got to Ed's Lounge, they went inside and got a table and ordered a beer which was then and there consumed. They arrived some time before 12 o'clock and the place was crowded.

He further testified that he had to go to the rest room, and on the way back he was intercepted by a woman whom he did not know but subsequently learned was one Peggy Bridges who asked him to dance. He told her he could not dance but would try. A band was playing and they danced until the number ended. At this point Peggy asked Bonner to go outside with her and he followed her out the front door. Peggy asked Bonner to loan her five dollars and he told her he did not have it to loan her. She then said, "Let's take a walk up to the car," and he walked to her car with her. According to the testimony of Bonner, when they got to the car, appellant and one Gravette were standing in the dark behind the car and appellant came around the car and struck him in the face with a baseball bat knocking him down. While he was trying to get up, appellant struck him a hard blow with the bat and someone "jabbed" him with a knife. He started back to the door of the lounge and felt a hand go into his right hip pocket. He put his hand back there and pushed her hand off and looked back and saw Peggy Bridges. He stated he had $123.00 in his billfold but she did not get it as he pushed her hand away. He finally made it back to the lounge and was looking for Ed. Someone told him to go into the bathroom and he would try to find Ed. Bonner went into the bathroom as he was bleeding profusely. He stayed in the bathroom until some police officers came and carried him to a local hospital where his lacerations were sutured and he was carried to the University Hospital in Birmingham where he was an inpatient for six to eight weeks. Before the officers carried him to the local hospital in Pell City, he pointed to appellant as the man who struck him twice with a baseball bat. He further made an in-court identification of appellant as his assailant.

The next witness for the state was Edward J. Wilson, the owner of the lounge, where the assault took place. He testified that Bonner was dancing with appellant's wife. He stated that appellant and Steve Gravette followed Bonner and Mrs. Bridges out the door and he went out behind them. He saw appellant scuffling with Bonner and saw Gravette swing the bat at Bonner but he didn't know whether he hit him. Wilson further testified that he was trying to stop the fighting. That he heard his wife holler that Bonner was bleeding badly and he told her to call the officers. The officers arrived about five minutes later. That appellant, his wife, and Gravette got in the car and he held a rifle on them to keep them from leaving until the officers arrived.

Morris K. Smith of the Pell City Police Department testified that he investigated the case and found the baseball bat in the automobile occupied by appellant, his wife and Gravette. He arrested them for public drunkenness. He took charge of the base-

ball bat and kept it in his possession until it was introduced in evidence over appellant's objections.

The state rested and appellant made a motion to exclude the state's evidence on the ground the state failed to make out a prima facie case. This motion was overruled and denied.

Appellant did not testify. Appellant's wife had already been convicted of this same offense but she was not called in his defense and neither was Gravette called as a witness for the defense. The only witness called by appellant was his sister, Mrs. Ellen New. Mrs. New testified that she was present at Ed's Lounge on the night of the alleged assault and she saw Bonner dance with Peggy Bridges several times. That while they were dancing, Bonner kept feeling around on the body of Peggy but she did not tell her brother about this. She further testified that she followed Bonner and Peggy outside the lounge and Bonner kept trying to play around with Peggy and appellant slapped him saying, "Keep your hands off my wife." She stated she saw Steve Gravette hit Bonner with the bat. She further testified that she did not see anyone stab Bonner or try to rob him.

There was no motion for a new trial; there was no request for the affirmative charge; and there were no specific exceptions reserved to the court's oral charge to the jury.

■ There was no error in overruling appellant's motion to exclude the state's evidence. *Young v. State,* 283 Ala. 676, 220 So.2d 843, wherein the Supreme Court said:

"Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the

overruling of a motion for new trial, does not constitute error. *Drummond v. State,* 37 Ala.App. 308, 67 So.2d 280; *Wade v. State,* 24 Ala.App. 176, 132 So. 71."

■ In a prosecution for assault with intent to rob, intent can only be shown by facts and circumstances from which the jury is authorized to draw the inference. *Porter v. State,* 30 Ala.App. 46, 1 So.2d 309; *Burk v. State,* 22 Ala.App. 107, 114 So. 71.

In *Bass v. State,* Ala.App., 312 So.2d 576, this court held:

"The law is settled that when by pre-arrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. The community of purpose need not be proved by positive testimony. The jury is to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case. *Stokley v. State,* 254 Ala. 534, 49 So.2d 284.

All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must be indicted, tried and punished as principals. *Mitchell v. State,* 51 Ala.App. 411, 286 So.2d 85.

The participation in a crime and the community of purpose of the perpetrators need not be proved by direct or positive testimony, but may be inferred from circumstantial evidence. *Parsons v. State,* 33 Ala.App. 309, 33 So.2d 164."

■ Testimony of the victim of the alleged assault to rob which was offered to establish identity of the defendant present-

ed a jury question on that matter. *Carpenter v. State,* 42 Ala.App. 618, 174 So.2d 336.

Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law; its weight and probative value are for the jury. *Bolton v. State,* 21 Ala.App. 373, 108 So. 631; *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690.

Conflicting evidence always presents a question for the jury as to the defendant's guilt. *Morris v. State,* 47 Ala. App. 132, 251 So.2d 629; *Irons v. State,* 42 Ala.App. 349, 165 So.2d 125.

A careful examination of the record reveals no reversible error. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.