327 So.2d 729

Calvin **BINION**

v.

**STATE.**

**6 Div. 734.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

Rehearing Denied Jan. 20, 1976.

Walter P. Crownover and Jack Lowther, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of murder in the second degree and his punishment was fixed at eighteen years in the penitentiary. He was represented by retained counsel at arraignment and trial. Trial counsel represents him on this appeal.

The evidence in this case was in sharp conflict. The evidence for the state tended to show an unprovoked and sudden assault upon the deceased by appellant killing him with one bullet fired from an automatic pistol. The evidence from appellant tended to show that the deceased was attempting to pull a pistol from his pocket at the time the fatal shot was fired.

On the night of October 6, 1973, the deceased, Robert Hunter, was shot and killed at the Elk's Rest Club in Tuscaloosa, Alabama. The deceased and his wife had been invited to a birthday party at the club which was given by Mary White for her daughter. She testified that appellant had not been invited to the party. After the party was over the deceased was helping Mary White and others clean up the tables where the party was held. While they were in the process of folding the paper used as a tablecloth, appellant walked up beside Mary White and said, "I told you I'll get you," and then shot Robert Hunter. She further testified that Hunter did not have a weapon of any type in his hands when he was shot, in fact he was folding paper. Her testimony was fully corroborated by two other witnesses, Minor Winlock and Dezzie Hobson, who were present

at the time of the shooting. The shooting occurred at approximately 11:30 p. m.

Appellant came to the club earlier that night while the party was in progress. He had been drinking. He went to the bar and ordered a mixed drink of gin and fruit juice. He sat at a table and started playing dominoes with several persons not including the deceased. He started using profanity and was asked to leave. He refused to leave. Someone called the police and a state trooper and two other officers came to the club and told appellant to leave the club and he left. These officers stated that they smelled the odor of alcohol on appellant but he was not drunk.

Appellant testified that when he got home, he discovered that an envelope which he had been carrying was missing. He claimed it had approximately $1,000.00 in it containing cash and checks. He stated he thought he might have dropped it at the bar of the Elk's Club, and he walked back to the club to see if he could find it. He claimed that before he left the club on orders of the officers, he saw the handle of a pistol in the pocket of the deceased. Appellant said he had his pistol on him that entire day and night. Appellant claimed that when he walked upstairs at the club, he was accosted by the deceased who cursed him, using profane words. Appellant stated that at this point the deceased was not more than two feet from him and facing him and the deceased reached to his pocket for a gun which appellant saw. Appellant stated that he stepped back and pulled his pistol and shot the deceased one time.

After the deceased was shot he started for the stairs and fell all the way to the bottom of the staircase. Someone helped the deceased outside and laid him partly on the pavement in front of the club and partly on the grass. An ambulance was called but the deceased died enroute to the hospital and was carried to a local funeral home where an autopsy was performed by Mr. Robert Johnson, an Assistant State Toxicologist.

Mr. Johnson testified that he traced the path of the bullet and it went through the left arm into the left chest and through the heart and lodged in the right lung. He recovered the bullet. He determined the cause of death to be a combination of shock, hemorrhage, and the direct injury to the heart.

Jerry Lee, a witness for the prosecution, testified that he was standing at the base of the stairs of the Elk's Club when the shooting occurred. He said that his attention was attracted to the stairway by the victim falling down the stairs. He then observed appellant coming down the stairs, stuffing a gun in his pants and saw him leaving the premises.

After shooting the deceased appellant went home and got his car and went to Sumter County to his sister's home. He returned Monday and got one of his sons to drive him to his lawyer's office after which he surrendered to the authorities. He was asked about the pistol he used to shoot the deceased and stated he ran from the scene of the shooting and while running through a field he lost the gun.

No witness for the state testified that the deceased was armed with a pistol, knife or other weapon at the time appellant shot him and no weapon of any kind was found on his body or around his body.

A sample of blood was taken from the body of the deceased and Mr. Johnson testified that it was negative for alcohol. It developed that Mr. Johnson did not personally run the test to determine if there was alcohol in the blood of the deceased but that the test was made by one of his assistants under his supervision. Counsel for appellant moved the court to exclude Mr. Johnson's testimony as to alcohol in the blood of the deceased on the ground that he did not have personal knowledge of the result of the test that was made. The court overruled the motion subject to the state connecting it up.

When the state failed to connect up this testimony, counsel for appellant again moved that Mr. Johnson's testimony be excluded and the court granted the motion and charged the jury as follows:

"Yesterday Mr. Bob Johnson, the State Toxicologist, testified in this case and that portion of his testimony concerning the alleged blood alcohol level of one Robert Hunter is not to be considered by you in this case. It is not evidence in the case, nor are you to give it any consideration at all, concerning blood alcohol testimony."

Since the court granted appellant's motion, there is no adverse ruling of which he can complain. *Conner v. State*, 52 Ala. App. 82, 289 So.2d 650; *Wilson v. State*, 20 Ala.App. 137, 101 So. 417.

Appellant offered a number of character witnesses who testified to his general good reputation. They also testified that his reputation for truth and veracity was good and they would believe him on oath whether he was interested or not. On cross-examination they were asked if they had ever heard of certain acts of misconduct and each of them answered in the negative.

■ When a character witness responds in the negative to inquiries relating to the defendant's prior misconduct, the possibility of any injury to the defendant is removed. *Baldwin v. State*, 282 Ala. 653, 213 So.2d 819; *Helms v. State*, 254 Ala. 14, 47 So.2d 276; *Johnson v. State*, 260 Ala. 276, 69 So.2d 854; *Stephens v. State*, 250 Ala. 123, 33 So.2d 245.

■ Conflicting evidence always presents a question for the jury as to the guilt of the defendant unless the evidence palpably fails to make out a prima facie case. *Morris v. State*, 47 Ala.App. 132, 251 So.2d 629; *Irons v. State*, 42 Ala.App. 349, 165 So.2d 125; *Bradford v. State*, 35 Ala.App. 407, 47 So.2d 599; *Jones v. State*, 54 Ala.App. 251, 307 So.2d 59.

■ Appellant's motion for a new trial was overruled and denied. In reviewing the refusal of a motion for a new trial, this court will indulge every presumption in favor of the correctness of the ruling of the trial court and the decision thereon rests largely within the discretion of the trial judge. *Espey v. State*, 270 Ala. 669, 120 So.2d 904; *Owens v. State*, 40 Ala.App. 36, 109 So.2d 141; *Moore v. State*, 52 Ala.App. 179, 290 So.2d 246; *Jones v. State*, supra.

In *Young v. State*, 283 Ala. 676, 220 So. 2d 843, the Supreme Court held that where the evidence raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the state's evidence, refusal to give the affirmative charge, and overruling the motion for a new trial, do not constitute error.

■ We note that the trial court charged the jury on all four degrees of homicide. This was a clear cut case for the jury's determination.

■ We have held there is no legal standard by which the prejudicial qualities of improper remarks of a District Attorney in the trial of a case can be gauged. Each case must be determined on its own merits. Counsel are allowed considerable latitude in drawing their deductions from the evidence in argument to the jury. *Edson v. State*, 53 Ala.App. 460, 301 So.2d 226.

On most of the objections to argument of counsel there was no ruling from the trial court. The other objections were without merit.

We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.