BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent here and at nisi prius, entered a plea of not guilty to a two count indictment for intentionally and unlawfully committing an assault with a deadly instrument upon Wilbur Mitchell, a police officer of the city of Andalusia, Alabama, while he was engaged in the actual discharge of his lawful duty or duties. A jury returned a verdict of guilty as charged. The court imposed a sentence of twelve years imprisonment.
Count one charged that the assault was committed with an automobile, while count two alleged the offending instrument was a pistol.
The involved statute is reported in § 13-1-42, Vol. 12, Code of Alabama 1975, p. 12. This section reads:
“Whenever any peace officer or other law enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to commit any assault with a deadly instrument upon such officer, and any person guilty of such assault with a deadly instrument shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary for not less than two years nor more than 20 years.”
The evidence shows that the police officer responded promptly to his automobile radio dispatch that a person was displaying a pistol at an Andalusia commercial center, called the Mall, located at the edge of the. city.
It was reported that the offending person was in a green Pinto passenger car. Upon reaching the Mall, the officer, wearing a *1294 policeman’s uniform, stopped behind a green Pinto there parked and walked up to the left side of the automobile where defendant was sitting on the driver’s seat.
The defendant, at the time the officer walked up to the door of the vehicle, was in the process of loading “the thing” — a pistol. The officer testified he told the defendant “to roll the window down” and “open up.” On response to the request the officer testified:
“A Well, the pistol — He had it in his hand, and he closed it up and turned it around, pointed it around at me.
“Q All right. Did he point the barrel at you?
“A Yes, sir.
“Q What did you do at the time?
“A I stepped back behind the front door, up against the car.”
It further appears that the officer took his own pistol out to protect himself. Defendant then “pulled his automobile in gear and took off.”
In taking off, the fleeing automobile struck the officer on his legs, the left one more than the right one. The officer gave chase that ended about eighteen miles north of Brewton over the Escambia County line. He was aided by other county and city officers who responded to the injured officer’s radio appeal for help. At one point, when the speed had slowed, the cars hooked up but came apart. The evidence showed that during the chase, the speeding Pinto reached 100 miles per hour as did the officer’s car. Two other vehicles had to run off the road. We omit many details of the chase.
Suffice it is that the fleeing Pinto ran off the road over the Escambia County line where the defendant was arrested by the pursuing officers.
The evidence of the State showed that defendant was under the influence of intoxicating beverages.
The pistol, with two cartridges in it, was partly under the front seat of the Pinto in plain view. An officer took possession of it.
The injured officer was hospitalized for several weeks under treatment for his injured legs which were struck by the Pinto as it took off at the Mall.
It appears in the officer’s evidence that one of the two projectiles was in the center of the pistol chamber under the hammer; the other one was to the right. Both projectiles had been snapped. The pistol appeared to be functional.
The defendant did not take the stand, but his father testified that the pistol was his property and had not been used in several years and at the last firing it did not function properly.
We think the evidence supports both counts of the indictment. Only one sentence could be imposed. The trial court fixed only one punishment that was authorized by law.
The first count charges an assault with an automobile. An automobile intentionally put in motion and violently and intentionally driven against a police officer constitutes an assault with a deadly instrument in violation of § 13-1-42, Code of Alabama 1975, but only if such assaulted officer at the time was engaged in the active discharge of his lawful duty or duties. Sharpe v. State, Ala.Cr.App., 340 So.2d 885, cert. denied, Ala., 340 So.2d 889. It was held in Sharpe that the deadly character vel non of the chair was a factual issue. We held that we could not say as a matter of law that the chair so used was per se a deadly instrument. We were of the opinion that the issue was a matter of fact for the jury to determine under all the evidence in the case. We also observed in Sharpe as follows:
“An instrument or weapon used in inflicting injuries upon the person of another may or may not be esteemed deadly, according to the manner of its use and the subject on which it is used. A deadly weapon is not only a weapon with which death may be easily and readily produced but one which is likely to produce death or great bodily harm from the manner in which it is used. Williams v. State, 251 Ala. 397, 39 So.2d 37; Davis v. State, 57 *1295 Ala.App. 27, 325 So.2d 543, cert. denied 295 Ala. 398, 325 So.2d 546. If the jury concluded, under the circumstances of the case, that the weapon used was not a deadly weapon or instrument, it could nevertheless find that an assault and battery was committed.”
We also think that Bonner v. State, 97 Ala. 47, 12 So. 408 has application to the instant case. There, it appears that one Harrison, without right, attempted to prevent defendant Bonner from removing a bale of cotton by sitting on the bale. Defendant drew a knife and threatened to kill Harrison, and by rolling the bale, threw Harrison off. He then rolled the bale against him.
The Supreme Court held that if defendant rolled the cotton in such an angry manner as to strike Harrison and throw him from the cotton, he would be guilty of simple assault.
In the instant case, the jury could have inferred that defendant was angered when the officer appeared at his car door window. This anger is evidenced by his conduct in pointing the pistol at him and, as the officer moved from the door window, throwing the car in gear and taking off suddenly and wantonly, all irrespective of the danger to the officer being hit by the car. The conduct of the flight indicates anger and resentment on the part of defendant. This conduct of defendant supported an inference by the jury of an intentional assault with the car.
Now, with respect to the assault with a pistol as charged in Count 2 of the indictment, we quote from Tarver v. State, 43 Ala. 354, as follows:
“2. An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect.”
We here note that when the State rested, defendant moved for a directed verdict. The motion was general and not specifically directed at either count. So, if either count was supported by evidence, the motion was properly overruled. We also note that no written charges were tendered by the defendant and there was no request for the affirmative charge.
Before the State rested there was no evidence that the pistol involved in the verdict was not functional. There was testimony that the pistol had two unspent cartridges or projectiles in it, and for aught appearing, when the pistol was pointed at the officer, these cartridges were live. It is true that the father of the defendant testified as a witness for the defendant that he attempted several years before this incident here under consideration to fire the pistol and the projectiles would not explode. There was no evidence that at the time of the incident the cartridges would not explode. Such evidence as to the functional capacity vel non of the weapon was not before the court when the State rested. For aught appearing, the gun and cartridges were functional. At that time a jury question was at issue, and the motion was properly overruled. There was no subsequent ruling of the trial court to review.
We hold that the judgment of guilt should be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.