BOOKOUT, Judge.
Assault with intent to rob; sentence: twenty years imprisonment.
Lois Spencer, victim of the assault, testified that she was employed at the University Cleaners in Tuscaloosa, Alabama, on November 28,1977. Approximately 9:30 a. m., two black males, appellant and a companion, entered the cleaners and asked her for clothes belonging to one Hines. She was unable to find the clothes under that name, and the two men left ostensibly to look elsewhere. Around 11:30 a. m. the two returned to find Lois Spencer in the company of a gentleman friend who was sitting in the cleaners chatting with her. The two men looked at Ms. Spencer and her friend, stated they had not found the clothes and departed. Again at 1:30 p. m. the men returned, demanding the clothes. Appellant stood holding the door, and as Lois Spencer turned to look again, appellant’s companion jumped over the counter, knocked her to the floor and pulled a knife on her. As he held the knife over her, appellant shouted repeatedly from the door, “Kill her, kill her.” Ms. Spencer told the men to take the money from the register and begged them not to kill her. Ms. Spencer next heard the door open, and then heard a gunshot fired. Her attacker fled and she crawled to safety. She stated neither assailant ever mentioned money, that appellant did not go behind the counter until after she heard the door open, and that at the time the assault occurred she did not think their actions were aimed at robbery, but rather at killing her.
Mr. Marion A. Watkins testified that on November 28, 1977, he was visiting his sister who lived next door to University Cleaners. He observed two black males in his sister’s front yard walking around looking at the cleaners. They walked behind the cleaners, then returned to the front and entered the cleaners. Mr. Watkins followed them to the cleaners and heard a woman screaming and one of the men yelling “Kill her, kill her.” He entered the door and observed appellant going between an opening in the counter. He testified appellant stopped right behind the cash register and turned toward him. Upon seeing Mr. Watkins, appellant began using himself as a shield between Watkins, his companion and Ms. Spencer. Watkins shouted at the companion to drop his knife, then took a gun from his coat and fired over the companion’s head. Appellant’s companion fled, and Mr. Watkins held appellant at gun point until the police arrived to take him into custody.
Watkins testified appellant neither opened nor touched the cash register. He did not hear anyone ask for money.
The defense rested without putting on any evidence.
Appellant presents but one issue for review, that being whether the State failed to make out a prima facie case of assault with intent to rob. He argues the State failed to show the specific felonious intent to rob necessary to sustain a conviction under § 13-1-46, Code of Ala. 1975.
To sustain a conviction under this statute, the State must prove a specific felonious intent to rob. If the specific intent to rob is not shown to be present, though a general or another specific felonious intent is shown, the evidence is not sufficient to sustain a conviction under the aggravated offense of assault with intent to rob. If the intent is to maim, or to ravish, or other of the designated felonies, there can be no conviction of intent to rob. Simpson v. State, 59 Ala. 1 (1877).
The required intent must be proven as a matter of fact. The jury may determine its existence from all the facts and circumstances in evidence, including circumstantial evidence alone. Simpson, supra; White v. State, 294 Ala. 265, 314 So.2d 857 (1975), cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). Intent can only be shown, however, by facts and circumstances from which the jury is authoriz *379 ed to draw such an inference. Bridges v. State, 56 Ala.App. 411, 321 So.2d 749 (1975). Whether there is sufficient legal evidence to give rise to the inference is a question of law for the court; its weight and probative value are questions for the jury. Bridges, supra; Bridges v. State, Ala.Cr.App., 340 So.2d 1137 (1976).
Only circumstantial evidence of appellant’s intent to rob Ms. Spencer was presented in the instant case. There was concrete evidence presented of the assault itself, yet the intent to rob accompanying the assault can only be garnered from the circumstances surrounding the assault. That money or robbery ever was or was to become the focus of the assault can only be inferred from the circumstances collateral to the incident. The evidence more strongly suggests an assault with intent to murder, however, this does not preclude a finding of guilt of the crime charged if the evidence and natural inferences drawn therefrom indicate an intent to rob.
Circumstantial evidence sufficient to sustain a conviction must be an “inference of a fact in issue which follows as a natural consequence according to reason and common experience from known collateral facts.” White, supra. The evidence suggests that the appellant and his companion were “casing” the cleaners on their visits prior to the assault. This is a common occurrence in robberies which is generally known by the average citizen. A jury could logically infer that the third visit when the clerk was alone was for the purpose of robbing that commercial business establishment. Such an inference is bolstered by the fact that the appellant went behind the counter and directly to the cash register even though he had not attempted to open it at the time Mr. Watkins interrupted their activity. We cannot say that the circumstantial evidence surrounding the assault which sustained the jury’s finding of an intent to job is insufficient as a matter of law. Though the question is close, we hold that the standards of reason and common experience applied to circumstantial evidence uphold the jury’s verdict.
We have reviewed the grounds for reversal relied upon by appellant in light of the record and the briefs and find no prejudicial error to the substantial rights of appellant which would mandate a retrial of this cause.
AFFIRMED.
All the Judges concur.