COBB, Judge.
The State of Alabama appeals the circuit court’s grant of James Arrington’s pretrial motion to dismiss, on double jeopardy grounds, the indictment charging him with assault in the second degree. Arrington contends that his right against being placed in jeopardy twice was violated because he had been convicted of assault in the third degree in the Municipal Court of Birmingham, Alabama, based on the same act or transaction that was the basis for the assault in the second degree charge in Jefferson Circuit Court.
The victim, a bail bondsman, was pursuing Arrington; both were driving automobiles. While the cars were stopped at a red light, the victim got out of his car. Arrington allegedly hit him with his car as he approached Arrington’s vehicle. This conduct is the basis for the charge of assault in the second degree. The victim then got back in his car and followed Arrington a short distance to Arrington’s home. At Arrington’s home the men got out of their cars and a scuffle began, during which Arrington bit the victim’s finger. This conduct is the basis of the charge of assault in the third degree, for which the appellant was convicted in municipal court.
Assault in the second degree is defined in § 13A-6-21(a)(2), Ala.Code 1975, as intentionally causing physical injury to another person by means of a deadly weapon or a dangerous instrument. In certain situations an automobile may be a deadly instrument. Kelley v. State, 362 So.2d 1292, 1294 (Ala.Cr.App.1978). Assault in the third degree is defined in § 13A-6-22(a)(l), Ala.Code 1975, as intentionally, or recklessly causing physical injury to another person.
Here, two distinct charges were brought against Arrington arising out of two separate incidents or transactions. The alleged assault in the second degree was completed when Arrington used a deadly weapon or instrument, i.e., the automobile, to allegedly assault the victim. The assault in the third degree was committed after the victim returned to his car and followed Arrington to Arrington’s home, where during a scuffle between the parties Arrington bit the victim’s finger.
All the facts supporting the charge of assault in the second degree occurred and were completed at the traffic light. All of the facts supporting the charge of assault in the third degree occurred and were completed outside Arrington’s home. “A plea of double jeopardy is unavailing unless the offense presently charged is the same in law and fact as the former one relied on under the plea.” Ex parte Godbolt, 546 So.2d 991, 994 (Ala.1987). Here, that is not the case.
The State’s prosecution of Arrington for assault in the second degree is not a violation of his right to be free from double jeopardy, under the facts presented above. Therefore, the trial court’s pretrial order dismissing the *1289 indictment charging Arrington with assault in the second degree is reversed and the trial court is ordered to reinstate the indictment.
REVERSED AND REMANDED.
All the Judges concur.